# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| DAVID WIDI, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:11-cv-00113-JAW |
| ) | |
| JUSTICE, U.S. DEPT OF, et al., ) | |
| ) | |
| Defendants ) | |

## AMENDED[1] RECOMMENDED DECISION

David Widi has filed a suit that implicates 42 U.S.C. § 1983 and <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971) liability. His claims are related to court-ordered pulmonary tuberculosis (TB) testing that was required as a consequence of his transfer by the United States Marshals into a Bureau of Prisons facility after his federal conviction and sentencing in the District of Maine. Widi names twenty-four defendants from Maine, New Hampshire, Virginia, Washington, D.C., and Missouri, all in their individual and official capacities. Widi's theory is that on November 24, 2010, staff of the Executive Office of the United States Attorney conspired with staff of the United States Marshal Service, the Maine State Prison, Correctional Medical Services, the Stafford County Sheriff's Department (New Hampshire), and two of Widi's attorneys to deprive him of his right of freedom of religion, due process, equal protection, and assistance of counsel. He states that he has "deeply held religious beliefs and convictions against invasive procedures"[2] and charges the defendants with having

---

[1]  This amendment is typographical in nature. The first sentence on page six was missing and is now replaced; and in footnote 4, the date of November 24, 2020, is corrected to be November 24, 2010.

[2]  In his pleadings related to this civil action Widi does not expand any further as to what his deeply held religious beliefs and convictions consist of and how they relate to the required TB testing.

violated his First Amendment right through "fraud, abuse of process at the court, and by assault and battery."[3] Widi is seeking a return of his 'property,' including any X-rays, tests, and reports.[4] He also seeks compensatory and punitive damages. Widi's discontent with these circumstances has already been addressed in the context of Widi's criminal case; there is a direct appeal still pending on Widi's challenge to the court's refusal to grant his motion for return of property imposed in United States v. Widi, 2:09-cr-009-GZS. I now recommend that this civil case be dismissed pursuant to 28 U.S.C. § 1915A.

### *28 U.S.C. § 1915A(a) and (b) Screening*

Sections 1915A(a) and (b) of title 28 provide:

> **(a) Screening.**--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> **(b) Grounds for dismissal.**--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
> > **(1)** is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> > **(2)** seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(a),(b). See also 42 U.S.C.A. § 1997e(c)(1) ("The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.").

---

[3] (Compl. at 8, Doc. No. 1.)
[4] It is not clear from the complaint who has this 'property' but I do not discuss this requested relief on Widi's due process theory because he did obtain court process in the context of the motion to compel filed in the criminal case and that concern is part of the pending appeal in the First Circuit.

In my March 29, 2011, order granting Widi's motion to proceed in forma pauperis, I cautioned him that, before he decided to incur the cost of pursuing this action, he should consider that his complaint was particularly susceptible to dismissal. I summarized:

> Plaintiff's complaint is particularly susceptible to dismissal in a number of respects. The events of November 2010, mentioned in this complaint actually involve the administration of a TB test, possibly in the form of an x-ray performed at the Maine State Prison. This compelled medical testing was the subject of numerous court orders from this court, one of which Widi has now appealed to the First Circuit Court of Appeals. See United States v. Widi, 2:09-cr-00009. In this civil action Widi seeks compensatory and punitive damages from entities and individuals who are clearly immune from such liability. He also seeks injunctive relief through the return of x-rays, tests, reports, and other materials obtained as a result of a court order in the criminal case. On March 16, 2011, Judge Singal of this court denied Widi's motion to vacate his prior orders and for return of the same property as referenced in this complaint. That order was appealed to the Court of Appeals by Widi. Until and unless the Appeals Court vacates the order, the relief Widi seeks from these defendants in this action is unobtainable and his complaint against each of them individually has absolutely no legs. If this matter proceeds to screening pursuant to 28 U.S.C. 1915A(b), it is highly probable that I will issue a recommended decision that would call for the summary dismissal of this action. I advise plaintiff of these facts in order for him to make a[n] informed decision before he agrees to undertake the costs of civil lawsuit

(March 29, 2011, Order at 2-3, Doc. No. 3.) I gave Widi until April 18, 2011, to notify the court as to whether or not he intended to incur the cost of the filing fee and informed him that he should pay the initial partial filing fee of $22.00 with this notification if he decided to proceed. (Id. at 3.) Widi has not filed a written notification of his intent to proceed with this action but, on April 15, 2011, the court received a credit card payment from Widi for $22.00. On April 25, 2011, I entered an order indicating that the court was construing this direct payment as Widi's intent to proceed with the action. (Doc. No. 4.)

So, in conformity with this construction of Widi's intent to proceed, I now screen his complaint. I conclude that the complaint should be dismissed directly with respect to all twenty-four defendants.

First off, the federal and state agencies the Department of Justice, the Executive Office of the United States Attorney, the United States Marshal Service, and the Maine State Prison should be dismissed because they are shielded by sovereign immunity. See Tapia-Tapia v. Potter, 322 F.3d 742, 745 -746 (1st Cir. 2003); Wojcik v. Mass. State Lottery Comm'n, 300 F.3d 92, 99 (1st Cir. 2002). The same shield protects all the federal and state actors who are sued for damages by Widi in their official capacity, see Kentucky v. Graham, 473 U.S. 159, 166 (1985), so I do not discuss such claims further.

The grounds for dismissing the individual capacity claims against the remaining defendants are pretty straight-forward in the post- Ashcroft v. Iqbal, 556 U.S. __, __, 129 S.Ct. 1937, 1947 -49 (2009) universe. The First Circuit recently surveyed the implications of Iqbal on pleading standards:

> Non-conclusory factual allegations in the complaint must then be treated as true, even if seemingly incredible. Iqbal, 129 S.Ct. at 1951 ("To be clear, we do not reject these bald allegations on the ground that they are unrealistic or nonsensical.... It is the conclusory nature of respondent's allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth."). But cf. Peñalbert–Rosa v. Fortuño–Burset, 631 F.3d 592, 595 (1st Cir.2011) ("[S]ome allegations, while not stating ultimate legal conclusions, are nevertheless so threadbare or speculative that they fail to cross the line between the conclusory and the factual.") (internal quotation marks omitted). If that factual content, so taken, "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," the claim has facial plausibility. Iqbal, 129 S.Ct. at 1949. "The make-or-break standard ... is that the combined allegations, taken as true, must state a plausible, not a merely conceivable, case for relief." Sepúlveda– Villarini v. Dep't of Educ. of P.R., 628 F.3d 25, 29 (1st Cir.2010) (Souter, J.).

4

Ocasio-Hernandez v. Fortuno-Burset, __ F.3d __, __, 2011 WL 1228768, 9 (1st Cir. Apr. 1, 2011). See also Atkins v. City of Chicago, 631 F.3d 823, 832 (7th Cir. 2011) ("So suppose some of the plaintiff's factual allegations are unrealistic or nonsensical and others not, some contradict others, and some are 'speculative' in the sense of implausible and ungrounded. The district court has to consider all these features of a complaint en route to deciding whether the complaint has enough substance to warrant putting the defendant to the expense of discovery … or, in a case such as this (like Iqbal itself), burdening a defense of immunity.") (citations omitted).

Turning, then, to the factual content of Widi's complaint, Tino LNU and Mike LNU are apparently United States Marshals but Widi does not offer anything but conclusory allegations about their involvement in this matter. He merely lists half their names. Widi's theory against the Stafford County Sheriff Department and its employees -- Wayne Eaton, Bruce Bonenfant, and John Doe -- is also opaque. But I gather from the second motion to compel in the criminal case (see United States v. Widi, 2:09-cr-009-GZS, Doc. No. 275) that the only action taken by these New Hampshire defendants concerned Widi's two successfully refused tests which rebuffs by Widi necessitated his transfer to Maine to allow this Court to adjudicate that dispute. In other words, these defendants never compelled the testing of which Widi complains.

And as for the Maine State Prison defendants -- Patricia Barnhart, David George, David Cutler, Curtiss Doyle, Thomas Dolbier, Correctional Medical Services, Inc., Violet Hanson, Jane Doe (X-ray technician at the Maine State Prison),and John Doe (health service provider at the Maine State Prison) -- they acted only in the context of their responsibility to heed this court's order (see United States v. Widi, 2:09-cr-009-GZS, Doc No. 276) requiring Widi to submit to the medical testing upon the United States' second motion to compel.

I recognize that all through the complaint Widi repeatedly states that there was a conspiracy between the United States Marshal Nadeau, United States Attorney Delahanty, and Assistant United States Attorney McElwee and the other defendants. These assertions are entirely conclusory and simply do not pass the straight-face test given that there is overwhelming evidence in the criminal docket of which this court can take notice that lays bare the contact among these named defendants in seeking and securing the TB testing as a perquisite to Widi's service of his federal sentence with the Bureau of Prisons. Relying entirely on his conclusory statement of conspiracy, Widi has not nudged his theory across the line from what is conceivable to what is plausible. See Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 556-67, 570 (2007).

This brings me next to Widi's claims against Attorneys James S. Hewes, and Peter E. Rodway. Widi's complaint is more descriptive -- less "threadbare" -- as to what he posits they did vis-à-vis the motion to compel. He asserts that Attorneys Hewes (appellate counsel) and Rodway (trial counsel) abused "the process and the power of the court by circumventing the service process in such a way to deprive plaintiff of his Due Process rights by preventing the plaintiff from discovering that adverse proceedings were being conducted against the plaintiff's interests, which in turn prevented the plaintiff from having the ability to object to said proceedings." (Compl. at 8.) Widi expands that before November 24, 2010, these attorneys "both misrepresented themselves as being authorized to represent the plaintiff on criminal docket number 09-CR-09-P-S, despite the fact that Attorney Hewes and Attorney Rodway both made representations to the government which were adverse to the plaintiff's interests and concealed these representations and conversations from the plaintiff as they knew that these proceedings

6

were being conducted unbeknownst to the plaintiff." (Id.)[5] The United States' November 24, 2010, second motion to compel indicated: "The Attorney for the United States contacted both Peter Rodway, Esq. (who previously represented Defendant) and James Hewes, Esq. (who is handling Defendant's appeal) and both attorneys encouraged the United States to simply file this motion." (2d Mot. Compel ¶ 5, 2:09-cr-009-GZS, Doc No. 275.) This is the only representation I can find that links these attorneys to the events of November 24, 2010, of which Widi complains. To my mind, in view of the Court's own docket in the criminal matter, the allegations in Widi's pending civil complaint are insufficient to warrant further proceedings against these two non-state actors for any alleged civil rights violation related to the court ordered testing. See American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999) ("The under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful.")(quotations and citations omitted); see also Polk County v. Dodson 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."). I have already indicated above that the conclusory assertion of conspiracy among all these twenty-four defendants just has not been sufficiently pled and this would be Widi's only theory to bring these two attorneys into the 42 U.S.C. 1983/Bivens liability fold. See Yeo v. Town of Lexington, 131 F.3d 241, 249 (1st Cir. 1997).

---

[5] Widi suggests that the court was misinformed on November 24, 2010, that he was currently being housed at the Maine State Prison and complains that the two attorneys did not correct this "misclassification." (Id. at 9.) But then he goes on to indicate that he was at the Maine State Prison on that date and was deprived of telephone access there and was subjected to the TB testing on those premises. (Id. at 9-10.) In the Second Motion to Compel the United States represented: "The United States previously filed a similar motion, which the Court denied without prejudice for lack of jurisdiction given that Defendant was incarcerated in New Hampshire. Following the Court's order, earlier today, Defendant was relocated to the District of Maine and will be being housed at the Maine State Prison in Warren, Maine for the administration of the TB testing if ordered." (2d Mot. Compel ¶ 6) (emphasis added).

Finally, the individual capacity claims against United States Marshal's Office personnel, Kathy Nadeau, United States Attorney Thomas E. Delahanty, II, and Assistant United States Attorney Darcie N. McElwee should also be dismissed given the footprint of Widi's previous (and pending) litigation of his dispute as to the TB testing in his criminal matter. As compared to the other defendants, these three seemed to have been actively engaged in securing the court order.[6] There are many hurdles for Widi vis-à-vis the sustainability of his claims against these defendants. First, prosecutors and officials performing "quasi-judicial" functions are absolutely immune from suit, see Mitchell v. Forsyth, 472 U.S. 511, 520 (1985) (collecting cases), although it would be their burden to demonstrate this entitlement on Widi's Bivens claims, see Antoine v. Byers & Anderson, Inc., 508 U.S. 429, 432-33 & ns. 4 & 5 (1993). Even if absolute immunity were not looming large, it is hard to imagine on the face of this complaint that these three individuals would not be entitled to qualified immunity under the circumstances of this court-ordered testing. See Iqbal, 129 S. Ct. at 1945 -46.[7] However, for purposes of this decision, I rest my recommendation not on these looming immunity entitlements but on a straight forward determination that Widi does not have a plausible claim against Nadeau, Delahanty, and

---

[6] I am reading the complaint generously in the regard to Nadeau. She is described in caption as "Head of the United States Marshal Services, Portland." For purposes of this recommended decision I am assuming that she was somehow involved from the U.S. Marshals Service in the efforts to obtain the court ordered TB testing as a prerequisite to Widi's transfer, although the complaint does not contain anything remotely related to such an allegation. In a similar vein, I am assuming for purposes of this recommended decision that United States Attorney Delahanty had some active involvement in pressing the request for the TB testing that might justify a suit against him in his personal capacity. Clearly AUSA McElwee's fingerprints are found throughout the docket in the related criminal proceeding.

[7] The Iqbal majority noted in the context of a motion to dismiss, "that the question presented by a motion to dismiss a complaint for insufficient pleadings does not turn on the controls placed upon the discovery process." Id. at 1953 (citing Twombly, 550 U.S. at 559). I am fully cognizant that this case currently is not in the posture of a motion to dismiss, but in terms of the court's responsibility to screen out untenable prisoner complaints, it is worth stressing that looming defenses such as absolute and qualified immunity are properly considered during the screening for a plausible claim that would warrant placing the burden of discovery on such defendants. These three defendants' entitlement to immunity from monetary damage claims on these facts seems apparent.

McElwee. Per Widi's own complaint allegations these three defendants sought court approval of the TB testing that Widi refused because this testing was a standard prerequisite to his transport to the federal facility to serve this court's sentence. Widi has not presented factual allegations that support a conclusion that this insistence on the testing was an effort to single him out and he has not alleged anything but a conclusory reference to religious beliefs as to why he should be excused from this standard testing requirement. According to Widi's own allegations, see Atkins, 631 F.3d at 832, these three defendants provided him with court process. He simply was not satisfied with the result of that process. If there was some flaw in the ruling that required the testing and if Widi is entitled to the return of his X-rays, records, and test, the First Circuit Court of Appeals may sort that out in the pending appeal on the post-judgment motions in the criminal case. Widi's lawsuit naming these twenty-four defendants, seeking not only injunctive relief in terms of the return of X-rays, records, and test, but also monetary damages from them, does not survive the initial screening process under 28 U.S.C. § 1915A. Accordingly I recommend summary dismissal of this complaint.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

May 3, 2011