UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| DAVID WIDI, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:11-cv-00113-JAW |
| | ) | |
| UNITED STATES | ) | |
| DEPARTMENT OF JUSTICE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON MOTION FOR LEAVE TO FILE INTERLOCUTORY APPEAL
AND FOR RECONSIDERATION**

David J. Widi, Jr. moves for leave to file interlocutory appeal pursuant to 28 U.S.C. § 1292(b) and for reconsideration of the Court's Order affirming the Recommended Decision in this case. The Court denies the motion for leave to file interlocutory appeal because Mr. Widi has not met the "hen's-teeth rare" circumstances warranting such an appeal. The Court denies most of the motion for reconsideration. However, the Court grants the motion for reconsideration as to state of Maine Corrections Officer Thomas Dolbier on the ground that if the Deputy United States Marshals are potentially liable under 42 U.S.C. § 1983 for assaulting Mr. Widi, Corrections Officer Dolbier is also potentially liable for videotaping the assault and failing to intervene.

## I.    STATEMENT OF FACTS

### A.    Procedural History and Court Decisions

On March 25, 2011, David Widi filed a complaint against a number of government officials and others under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), alleging that these officials violated his constitutional rights by requiring him to undergo a medical test for tuberculosis. *Compl.* (Docket # 1).  On May 3, 2011, performing the initial screening process under 28 U.S.C. § 1915A, the Magistrate Judge issued a Recommended Decision and Amended Recommended Decision, recommending that the Court summarily dismiss the case.  *Recommended Decision* (Docket # 9); *Am. Recommended Decision* (Docket # 10).  After the issuance of the Recommended Decision, Mr. Widi was given leave to file an amended complaint and did so on July 25, 2011.  *Am. Compl.* (Docket # 19).  The Magistrate Judge vacated the Recommended Decision because the Amended Complaint contained considerably more factual detail regarding his claim of excessive force than his original complaint.  *Order* (Docket # 22).

On September 14, 2011, the Magistrate Judge issued a Recommended Decision on the Amended Complaint, recommending that the Amended Complaint be summarily dismissed for all named defendants except Deputy Marshal Tino LNU, Deputy Marshal Mike LNU, and Kathy Nadeau.  *Order for Service and Recommended Decision After Screening Regarding Certain Defs.* at 10 (Docket # 23). The Magistrate Judge divided the defendants in the Amended Complaint into five groups: (1) two attorneys from the United States Attorney's Office; (2) four members of the Strafford County Sheriff's Department in New Hampshire; (3) eight

individuals affiliated with the Maine State Prison; (4) one CJA appointed counsel; and, (5) three members of the United States Marshal Service in Portland, Maine. *Id.* at 1.  The Magistrate Judge concluded that the federal prosecutors were entitled either to absolute or qualified immunity and that Mr. Widi's allegations against them did not rise to the level of a constitutional violation.  *Id.* at 2-6.  She concluded that as regards Sheriff Estes, the allegations in the Amended Complaint did not state a claim for supervisory liability and as against the deputies, its allegations did not give rise to an allegation of serious harm.  *Id.* at 6-8.  Noting that the allegations in the Amended Complaint against the Maine State Prison defendants confirm that these officials were acting pursuant to the terms of a court order and in accordance with instructions from the United States Attorney's Office, the Magistrate Judge concluded that the Maine State Prison Defendants were entitled to qualified immunity.  *Id.* at 8.  She then reviewed the court docket and concluded that Mr. Widi's claim against the CJA counsel was "patently false." *Id.* at 9.  The Magistrate Judge allowed the claim to proceed against the three Marshal Service Defendants and directed the Clerk to prepare the necessary documents to serve those three defendants.  *Id.* at 10.

On October 5, 2011, Mr. Widi objected to the Recommended Decision. *Objections to Report and Recommended Decision* (Docket # 25).  On October 18, 2011, the Court affirmed the Recommended Decision over Mr. Widi's objection. *Order Affirming the Recommended Decision of the Magistrate Judge* (Docket # 27). On November 1, 2011, Mr. Widi moved for reconsideration of the order affirming the

recommended decision and for leave to file an interlocutory appeal. *Mot. for Leave to File an Interlocutory Appeal or for Recons.* (Docket # 30) (*Pls.' Mot.*). The same day, he filed a Notice of Appeal. *Notice of Appeal* (Docket # 31).

### B.    Mr. Widi's Contentions

In his motion, Mr. Widi does not challenge the Court's CJA counsel ruling; he limits his objections to the dismissal of the federal prosecutors and the State Defendants from Maine and New Hampshire. *Pl.'s Mot.* at 2-6. As to the federal prosecutors, he says the Magistrate Judge erred in concluding they are entitled to either absolute or qualified immunity. *Id.* at 2-4. As to the State Defendants, he says they had a duty to intervene to stop the assault that took place at the Maine State Prison and as to the New Hampshire State Defendants, he says they had a duty to provide medical attention. *Id.* at 4-5. Although Mr. Widi argued in Claim Two of his Amended Complaint that the State and New Hampshire Defendants had violated his due process rights, his motion does not mention the Court's rulings on that aspect of his lawsuit.

Mr. Widi alleges that he has religious objections to what he termed "invasive medical procedures." *Am. Compl.* at 3. He says that the United States Attorney's Office petitioned the United States District Court to obtain an order compelling him to undergo an x-ray examination for tuberculosis. *Id.* at 3-4. Mr. Widi claims that, after they obtained the court order, two deputy marshals came to his holding cell and informed Mr. Widi that they were going to force him to submit to an x-ray. *Id.* at 8.

4

Mr. Widi alleges that at that point, the "Deputy Marshals left the holding cell to converse." *Id.* He says he called over Violet Hanson, the Head of the Medical Unit at the Maine State Prison, to ask the Maine State Prison staff to intervene because he feared he was about to be assaulted and Ms. Hanson went to Captain George, Sergeant Doyle, and Corrections Officer Dolbier to tell them what was said. *Id.* Mr. Widi asserts that he overheard them reply that "it was the Marshals['] problem now." *Id.*

Mr. Widi states that the deputy marshals returned, grabbed him, caused him to hit his head on the floor, dragged him about 100 feet by the shackles into another room, held him on the floor, and threw him against a wall. *Id.* He says that Captain George and Sergeant Doyle brought in an x-ray machine, a female x-ray technician, and a health services provider to take the x-ray. *Id.* Mr. Widi, however, refused to stand still for the x-ray. *Id.* at 9.

Mr. Widi alleges that "for the next couple of hours," the deputy marshals "assaulted Mr. Widi by throwing him around by his restraints, choking him, hitting him, elbowing him, slamming him into the wall, body slamming him on the floor, pulling on the shackles so to pull his feet out from under him, falling on top of him, and pulling on his restraints to cause him unbearable pain." *Id.* He claims that Corrections Officer Dolbier videotaped these actions. *Id.* To support his request for reconsideration and certification, Mr. Widi cites *Davis v. Rennie*, 264 F.3d 86, 98 (1st Cir. 2001) for the proposition that a corrections officer has the duty to intervene to protect a victim from another officer's use of excessive force. *Pl.'s Mot.* at 4.

## II.   DISCUSSION

### A.   Reconsideration

#### 1.   The Motion for Reconsideration and the Interlocutory Appeal

On November 1, 2011, Mr. Widi filed both a motion for reconsideration and a notice of appeal.   This raises the question as to whether the Court retains jurisdiction to decide the motion for reconsideration in light of the partial divestiture of its jurisdiction caused by the appeal.   Generally, the "filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."   *Bradford-Scott Data Corp. v. Physician Computer Network*, 128 F.3d 504, 505 (1st Cir. 1997) (internal punctuation and citation omitted).   At the same time, the Local Rules for the District of Maine provide for motions for reconsideration and state, in part:

> A motion to reconsider an interlocutory order of the court, meaning a motion other than one governed by Fed. R. Civ. P. 59 or 60, shall demonstrate that the order was based on a manifest error of fact or law and shall be filed within 14 days from the date of the order unless the party seeking a reconsideration shows cause for not filing within that time.

D. ME. LOC. R. 7(g).  By excluding motions governed by Rules 59 and 60, Local Rule 7(g) is generally viewed as allowing for a motion for reconsideration under Rule 52, which under Appellate Rule 4 stops the time period for appeal.  FED. RUL. APP. PRO. 4(a)(4)(A)(ii).   Here, even though in the unusual circumstances of an interlocutory appeal, the final judgment rule is not in play, the Court concludes it has continuing

jurisdiction to determine the merits of the pending motion for reconsideration. FED. R. APP. P. 4(a)(4)(B).

### 2.   The Merits of the Motion for Reconsideration

Mr. Widi has offered no grounds for the Court to reconsider its ruling on the scope of prosecutorial immunity and the Court declines to do so.  Similarly, there is no basis to revisit the issue of supervisory liability on the part of Sheriff Estes.

As regards the State Defendants' duty to intervene, the Court agrees with Mr. Widi that under First Circuit precedent, "a police officer has a duty to act when he sees another officer using excessive force against an arrestee or pretrial detainee if the officer could realistically prevent that force and had sufficient time to do so." *Davis*, 264 F.3d at 113.  Furthermore, the First Circuit has suggested that this principle applies with equal force to corrections officers.  *Id.* ("For the same reason, at least one court has held that a prison guard must intervene when another guard uses excessive force against a prisoner").  At the same time, "the 'failure to intervene' rule applies only when an officer has 'a realistic opportunity to intercede.'"  *Farrah v. Gondella*, 725 F. Supp. 2d 238, 246 (D. Mass. 2010) (quoting *Davis*, 264 F.3d at 98 n.10).

Here, with one exception, the allegations in the Amended Complaint are insufficient to trigger the duty to intervene on the part of the State Defendants.  Mr. Widi does not claim that New Hampshire Deputies Bohenfant or Doe or Maine Corrections Officers George, Cutler, or Doyle witnessed the alleged assault by the United States Marshals.  Except for the period when the medical personnel were

7

attempting to x-ray Mr. Widi, the Amended Complaint does not allege that these officers were even present and the allegations as to what took place when Captain George and Sergeant Doyle were present with the medical staff are insufficient to trigger a duty to intervene.

The exception is Maine Corrections Officer Dolbier. Mr. Widi alleges that as the deputy marshals assaulted him over the "next couple of hours," their "actions were videotaped by Dolbier." *Am. Compl.* at 9. If Mr. Widi's allegations of assault against the deputy marshals are sufficient to state a cause of action against them, the Court agrees that his allegation that Corrections Officer Dolbier videotaped the potentially actionable assault is sufficient to state a cause of action under the duty-to-intervene rule against Corrections Officer Dolbier.

Finally, turning to Mr. Widi's claims against the New Hampshire Deputies for their inaction when he experienced a seizure on the trip back to New Hampshire, the Court continues to conclude that the allegations in the Amended Complaint do not rise to the necessary level of serious harm for a § 1983 action for failure to provide medical treatment.

The Court GRANTS Mr. Widi's motion for reconsideration as to Corrections Officer Thomas Dolbier and otherwise DENIES his motion for reconsideration.

## B.   Certification

### 1.  Motion for Certification and Jurisdiction

Although 28 U.S.C. § 1292(b) allows a district judge to certify an interlocutory appeal, the statute is silent as to when the trial court makes such a

certification.  The language of the statute suggests that the certification should be contemporaneous with the order.  28 U.S.C. § 1292(b) ("[H]e shall so state in writing in such order").  There is no express authority for a disappointed litigant to request certification after the order has issued and the Court is uncertain whether it has the authority to act on this motion.   Nevertheless, assuming that the motion for certification is incorporated within the relief requested in the motion for reconsideration, the Court will address its merits.

### 2.  Merits of the Motion for Certification

Section 1292(b) provides in part:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 U.S.C. § 1292(b).  As the First Circuit noted, interlocutory appeals under § 1292(b) are "hen's-teeth rare" and "require, among other things, leave of both the trial and appellate courts."  *Camacho v. P.R. Ports Auth.*, 369 F.3d 570, 573 (1st Cir. 2004).  In *In re San Juan Dupont Plaza Hotel Fire Litig.*, the First Circuit explained:

> Only rare cases will qualify for the statutory anodyne; indeed, it is apodictic in this circuit that interlocutory certification of this sort should be used sparingly and only in exceptional circumstances, and where the proposed intermediate appeal presents one or more difficult and pivotal questions of law not settled by controlling authority.

859 F.2d 1007, 1010 n.1 (1st Cir. 1988) (internal punctuation omitted).  From the Court's perspective, Mr. Widi's issues on appeal are well "settled by controlling

authority." *Id.* Moreover, "an immediate appeal on this issue would not, in this Court's view, materially advance the ultimate termination of the litigation." *Kenney v. State St. Corp.*, No. 09-10750-DJC, 2011 U.S. Dist. LEXIS 104202, at *20 (D. Mass. Sept. 15, 2011).

The Court declines to make the § 1292(b) certification Mr. Widi requests.

## III.   CONCLUSION

The Court DENIES David J. Widi, Jr.'s Motion for Leave to File Interlocutory Appeal (Docket # 30), and it GRANTS in part and DENIES in part David J. Widi, Jr.'s Motion for Reconsideration (Docket # 30) of the Court's October 28, 2011 Order Affirming the Recommended Decision of the Magistrate Judge (Docket # 27).  The Court directs the Clerk to prepare the necessary documents for service upon state of Maine Corrections Officer Thomas Dolbier.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 23rd day of November, 2011