UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| DAVID J. WIDI, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:11-cv-00113-JAW |
| ) | |
| JUSTICE, U.S. DEPT OF, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER OVERRULING OBJECTION TO ORDERS
OF THE MAGISTRATE JUDGE**

David J. Widi, Jr., objects to an Order of the Magistrate Judge (ECF No. 71) granting nunc pro tunc a motion by certain Defendants (ECF No. 63) to extend the deadline for their response to Mr. Widi's Amended Complaint and denying Mr. Widi's motion for entry of default (ECF No. 69). The Court overrules Mr. Widi's objections.

**I.    BACKGROUND**

On April 16, 2012, the Magistrate Judge issued an Order confirming that Mr. Widi's Amended Complaint (ECF No. 19) was the operative pleading and giving Kathy Perron, Constantino Orlando, and Sean Joyce (the Federal Defendants) until May 7, 2012 to file a responsive pleading. *Orders on Mots. (Doc. Nos. 45, 55, and 59)* (ECF No. 61). On May 4, 2012, the Federal Defendants requested a four-day extension to May 11, 2012. *Defs.' Mot. to Extend Deadline to Respond to Am. Compl.* (ECF No. 63). The Court did not rule on this request prior to May 11, 2012 when

the Federal Defendants filed a motion to dismiss. *Federal Defs.' Mot. to Dismiss* (ECF No. 65).

Mr. Widi subsequently moved for an entry of default under Federal Rule of Civil Procedure 55(a). *Mot. for Entry of Default* (ECF No. 69). Defendant Thomas Dolbier opposed this motion as to him, noting that he had filed an answer to the amended complaint on January 26, 2012. *Opp'n to Aff. for Entry of Default* (ECF No. 70). The Federal Defendants did not respond to Mr. Widi's motion for entry of default.

On May 29, 2012, the Magistrate Judge issued an Order granting the Federal Defendants' May 4, 2012 motion for extension of time nunc pro tunc, and denying Mr. Widi's motion for entry of default. *Order* (ECF No. 71). Mr. Widi objected on June 11, 2012, and moved to strike or stay. *Objection to Magistrate's Orders on Nos. 63 and 69 and Mot. to Strike or in the Alternative Stay Proceedings* (ECF Nos. 75, 76) (*Pl.'s Objection*). Mr. Widi withdrew his motion to strike or stay on November 2, 2012. *Letter to the Hon. John A. Woodcock, Jr., and Julie G. Walentine* (ECF No. 92).

## II. DISCUSSION

An entry of default under Rule 55(a) is warranted only if the party against whom it is sought "has failed to plead or otherwise defend." FED. R. CIV. P. 55(a). In addition, "[u]nder modern procedure, defaults are not favored by the law and any doubts usually will be resolved in favor of the defaulting party." 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE

§ 2681, at 10 (3d ed. 1998). Given that the Federal Defendants made a timely motion for a four-day extension of the deadline to file and that they filed a motion to dismiss by that extended deadline, which the Magistrate Judge retroactively approved, there is no basis for an entry of default against them.

In his Objection, Mr. Widi describes himself as "fed-up and disgusted" with what he refers to as the Federal Defendants' "dilatory tactics." *Pl.'s Objection* at 2, 4. He claims that "the defendants have had over 10 months to prepare an answer to the amended complaint compared to the 21 days afforded to most other defendants." *Id.* at 4. Mr. Widi's brief fails to acknowledge, however, that much of this delay was due to his own interlocutory appeal and to his own procedurally improper filing of a Second Amended Complaint without leave of court. *See, e.g., Defs.' Second Mot. to Extend Deadline to Respond to Am. Compl.* (ECF No. 59) (requesting an extension of the deadline to 21 days after return of the mandate from the First Circuit and a ruling regarding Mr. Widi's motion for leave to file his Second Amended Complaint).

Mr. Widi claims that the Magistrate Judge's Order was prejudicial to him and argues that he should "be entitled to pursue motion for default based on the defendants wanton disregard of the deadline to answer." *Pl.'s Objection* at 3. He does not explain how the Order has prejudiced him, however, and again fails to acknowledge that he is responsible for much of the delay. Moreover, the Federal Defendants did not wantonly disregard the deadline; they filed a timely motion to extend it by four days to account for a shift in the personnel handling the case, and filed their motion to dismiss within that extended deadline, which the Magistrate

3

Judge subsequently approved. *Defs.' Mot. to Extend Deadline to Respond to Am. Compl.* (ECF No. 63). The Court rejects Mr. Widi's assertions that the Defendants' conduct "has included willful violations of court rules, contumacious conduct, and intentional delays," and indicates "bad faith." *Pl.'s Objection* at 4.

## III.   CONCLUSION

The Court OVERRULES the Plaintiff David J. Widi, Jr.'s Objection to Magistrate's Orders on Nos. 63 and 69 (ECF No. 75).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 11th day of February, 2013