UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| DAVID J. WIDI, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:11-cv-00113-JAW |
| | ) | |
| JUSTICE, U.S. DEPT OF, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER DISMISSING CASE**

After reviewing the allegations in David J. Widi, Jr.'s pending First Amended Complaint and proposed Third Amended Complaint and comparing his allegations to a video of his court-ordered tuberculosis test, the Court sees no point in requiring the Defendants to spend additional time and resources defending against Mr. Widi's fanciful claims. The Court dismisses the case in its entirety.

**I.   STATEMENT OF FACTS**

**A.   Procedural History**

On March 25, 2011, David J. Widi, Jr. filed a complaint under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), against the United States Department of Justice and numerous other Defendants, alleging that they violated his rights to freedom of religion, due process of law, equal protection, assistance of counsel, and freedom from illegal searches and seizures by requiring him to undergo a medical test for tuberculosis. *Compl.* (ECF No. 1). On July 25, 2011, he filed an amended complaint. *Am. Civil*

*Rights Compl. Filed Under 42 U.S.C. § 1983, § 1985, § 1986, and 42 U.S.C. § 2000bb et seq. With Jurisdiction Under 28 U.S.C. § 1343* (ECF No. 19) (*First Am. Compl.*). On September 14, 2011, the Magistrate Judge screened the allegations in the First Amended Complaint; she recommended that the First Amended Complaint be dismissed as against all but three of the Defendants. *Order for Service and Recommended Decision After Screening Regarding Certain Defs.* (ECF No. 23) (*Recommended Decision*). She ordered service of process on these three Defendants. *Id.* at 10; *Order for Service* (ECF No. 24). On October 18, 2011, the Court affirmed the Recommended Decision over Mr. Widi's objection. *Order Affirming the Recommended Decision of the Magistrate Judge* (ECF No. 27) (*Order Affirming*).

On November 1, 2011, Mr. Widi moved for reconsideration, and on November 23, 2011, the Court granted the motion for reconsideration in part. *Mot. for Leave to File an Interlocutory Appeal or for Recons.* (ECF No. 30); *Order on Mot. for Leave to File Interlocutory Appeal and for Recons.* (ECF No. 37) (*Recons. Order*). The Court concluded that the allegations in the Complaint against Corrections Officer Dolbier were sufficient to state a cause of action against him. *Order on Mot. for Recons.* at 8.

On May 11, 2012 and May 23, 2012, Defendants Joyce, Orlando, Perron, and Dolbier moved to dismiss the amended complaint. *Fed. Defs.' Mot. to Dismiss* (ECF No. 65); *Def. Dolbier's Mot. to Dismiss* (ECF No. 68). After some delay, on September 21, 2012, Mr. Widi responded to the motions to dismiss, but he

2

suggested that he might wish to further amend his complaint if the Court granted the motions to dismiss. *Pl.'s Opp'n to the Mot. to Dismiss of Sean Joyce, Constantino Orlando, and Kathy Perron* (ECF No. 88); *Pl.'s Opp'n to the Mot. to Dismiss of Thomas Dolbier* (ECF No. 89). On November 16, 2012, the Court rejected his contingent request to amend his Complaint in the event of an adverse ruling and invited him to file a motion to further amend his pending Complaint. *Order on Req. for Leave to Am.* (ECF No. 93). After considerable delay, Mr. Widi filed a proposed Third Amended Complaint on March 25, 2013.[1] *Third Am. Compl.* Attach. 1 (ECF No. 114-1). On March 28, 2013, the Court issued an Order, notifying the parties that it was treating the filing of the Third Amended Complaint as a motion for leave to amend and setting a timetable for the Defendants to respond and for Mr. Widi to reply. *Status Order* (ECF No. 115).

B.  **The First Amended Complaint**

Mr. Widi's First Amended Complaint listed the following Defendants: (1) Assistant United States Attorney Darcie N. McElwee, (2) United States Attorney Thomas E. Delahanty II, (3) United States Marshals Service (USMS) employee Kathy Perron[2], (4) Deputy United States Marshal Constantino Orlando, (5) Deputy

---

[1]  Mr. Widi filed a Second Amended Complaint on November 8, 2011, but this filing was out of order and took no effect since Mr. Widi had already amended his complaint once and failed to obtain either the opposing party's written consent or the court's leave. *Compl. Filed Under 42 U.S.C. § 1983, § 1985, § 1986, § 1988, § 2000bb, § 2000cc and 14 M.R.S.A. § 752, § 753* (ECF No. 34); *see Order Overruling Objection to Orders of the Magistrate Judge and Correcting Footnote*, 1 (ECF No. 100); *Status Order* at 1.

[2]  Mr. Widi named Kathy Nadeau, Mike LNU, and Tino LNU as Defendants. *First Am. Compl.* at 1-2. On November 18, 2011, the Defendants moved to substitute Kathy Perron for Kathy Nadeau, Sean Joyce for Mike LNU, and Constantino Orlando for Tino LNU. *Gov't's Mot. to Substitute* (ECF No. 35). On January 30, 2012, the Court granted the motion as a motion to correct spelling and identification. *Order* (ECF No. 52). This Order refers to the Defendants' corrected names.

3

United States Marshal Sean Joyce, (6) Strafford County Sheriff Wayne Estes, (7) Strafford County Deputy Bruce Bonenfant[3], (8) Maine State Prison Warden Patricia Barnhart, (9) Maine State Prison Captain David George, (10) Maine State Prison Captain David Cutler, (11) Maine State Prison Sergeant Curtiss Doyle, (12) Maine State Prison Correctional Officer Thomas Dolbier, (13) Maine State Prison Medical Officer Violet Hanson, (14) Attorney Peter Rodway, (15) one John Doe, a Strafford County Deputy Sheriff, and two Jane Does, (16) a Maine State Prison x-ray technician, and (17) a health services provider. *First Am. Compl.* at 1-2.

The Magistrate Judge screened the First Amended Complaint in accordance with 28 U.S.C. § 1915A and on September 14, 2011, she issued a Recommended Decision in which she recommended that the claims against all the Defendants, save three, be "summarily dismissed." *Recommended Decision*. She ordered that the three remaining Defendants—Constantino Orlando, Sean Joyce, and Kathy Perron—be served. *Id.* at 10. On October 18, 2012, the Court adopted and affirmed the Recommended Decision. *Order Affirming*. After Mr. Widi moved for reconsideration, the Court allowed him to proceed against Corrections Officer (CO) Thomas Dolbier on a failure to intervene theory. *Recons. Order*.

C.   **The First Circuit Decision**

Between the filing of his First Amended Complaint on March 25, 2011, and his Third Amended Complaint on March 27, 2013, the First Circuit on May 11,

---

[3]   Mr. Widi originally misspelled Deputy Bonenfant's last name as Bohenfant. Since then, he has corrected the spelling.

4

2012, issued a Judgment on Mr. Widi's direct challenge to the Court Order that had required him to undergo the TB test:

> Citing "deeply held personal religious beliefs against invasive medical procedures," Appellant David Widi challenges certain district court orders pertaining to a tuberculosis test administered to Widi prior to his transfer to Bureau of Prisons custody. To the extent the matter is not moot and assuming without deciding that the standard set forth at 42 U.S.C. § 2000cc(a)(1) applies, we conclude that the challenged tuberculosis-testing policy furthers "a compelling governmental interest" and constitutes "the least restrictive means of furthering that compelling governmental interest." See Bader v. Wrenn, 675 F.3d 95, 98 (1st Cir. 2012) (quoting 42 U.S.C. § 2000cc(a)(1)). We reject Widi's assertion that the district court lacked subject matter jurisdiction to enter its orders. See generally United States v. Coloian, 480 F.3d 47, 52 (1st Cir. 2007) (explaining that, even after the filing of a notice of appeal, a district court retains "ancillary jurisdiction" to the extent necessary "to 'manage its proceedings, vindicate its authority, and effectuate its decrees'") (quoting Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 379-80 (1994)). Further, Widi's invocation of personal jurisdiction principles is misplaced in this criminal matter. Widi's plea to procedural due process also fails because he has failed to demonstrate that the procedure employed by the district court ultimately deprived him of the opportunity to present a meritorious argument or otherwise meaningfully prejudiced him. See Perry v. Blum, 629 F.3d 1, 17 (1st Cir. 2010) ("[A] party who claims to be aggrieved by a violation of procedural due process must show prejudice"). Finally, we reject Widi's Sixth Amendment "right to counsel" argument because the subject matter of the challenged orders was quite distinct from the substance of the criminal case against Widi. Accordingly, we **AFFIRM**.

*United States v. David Widi*, No. 2:09-cr-00009-GZS-1 (D. Me.), *J. of Court of Appeals for the First Circuit* (ECF No. 321) (*J.*).

### D.  The Proposed Third Amended Complaint

In his proposed Third Amended Complaint, Mr. Widi lists the following Defendants: (1) the United States of America, (2) USMS employee Kathy Perron, (3) USMS Deputy Marshal Constantino Orlando, (4) USMS Deputy Marshal Sean

Joyce, (5) United States Attorney Thomas E. Delahanty II, (6) Assistant United States Attorney Darcie N. McElwee, (7) Strafford County, New Hampshire, (8) Strafford County Sheriff Wayne Estes, (9) Strafford County Deputy Sheriff Bruce Bonenfant, (10) Strafford County Deputy Sheriff John Doe, (11) Strafford County Lieutenant Grace Weisgarber, (12) Strafford County Corrections Officer Jason Forcier, (13) Strafford County Corrections Officer Rick Hayden, (14) the Maine State Prison, (15) Maine State Prison Warden Patricia Barnhart, (16) Maine State Prison Captain David George, (17) Maine State Prison Captain David Cutler, (18) Maine State Prison Sergeant Curtiss Doyle, (19) Maine State Prison Corrections Officer Thomas Dolbier, (20) Maine State Prison Corrections Officer Frank Strum, (21) Head of Psychology and Medical Services at Maine State Prison Tammi Hatch, (22) Jane Doe 1, Maine State Prison x-ray technician, (23) Jane Doe 2, Maine State Prison health services provider, and (24) Attorney Peter Rodway. *Third Am. Compl.*

Mr. Widi's proposed Third Amended Complaint contains the following twelve counts:

(1) Count I – Violation of Rights to Access the Court and Due Process – All Defendants;

(2) Count II – Eighth Amendment Claim for Excessive Force – Deputy Marshals / Failure to Intervene – MSP Staff & Strafford Sheriff's Department Defendants;

(3) Count III – Eighth Amendment Claim for Excessive Force – SCDC Personnel;

(4) Count IV – Violation of 42 U.S.C. § 2000cc et seq., the Religious Land Use and Inmate Protection Act "RLUIPA" – MSP Staff & Strafford County Personnel;

(5) Count V – Violation of 42 U.S.C. § 2000bb et seq., the Religious Freedom Restoration Act "RFRA" – All Federal Defendants;

(6) Count VI – First Amendment Free Exercise of Religion Claim – All Defendants;

(7) Count VII – Conspiracy to Interfere with Civil Rights Under 42 U.S.C. § 1985 / Action for Neglect to Prevent Under 42 U.S.C. § 1986 – All Defendants;

(8) Count VIII – Retaliation – All Defendants;

(9) Count IX – Eighth Amendment Claim for Deliberate Indifference to Medical Needs / Medical Malpractice – MSP Staff, Strafford Deputies, USMS Defendants; and

(10) Count X – Legal Malpractice – Rodway;

(11) Count XI – Federal Tort Claims Act (FTCA) Under 28 U.S.C. § 2674 et seq., Abuse of Process, Assault and Battery, Intentional Infliction of Emotional Distress – Federal Defendants;

(12) Count XII – Municipal Liability for Failure to Train and Properly Supervise – Strafford County.

## II.   DISCUSSION

Under 28 U.S.C. § 1915A(b), the Court must dismiss a civil action in which a prisoner seeks redress from a governmental entity, officer, or employee if the

complaint "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." The allegations in Mr. Widi's First Amended Complaint are subsumed in his proposed Third Amended Complaint. The Court therefore reviews Mr. Widi's proposed Third Amended Complaint pursuant to 28 U.S.C. § 1915A(b).

### A.  The First Circuit Judgment

In his appeal to the First Circuit, Mr. Widi challenged the District Court Order that compelled him to undergo the TB test. His appeal failed. Mr. Widi is collaterally estopped from re-litigating the same issues he lost in the First Circuit. "It is well-established that the doctrine of collateral estoppel applies in civil rights actions brought pursuant to 42 U.S.C. § 1983." *Johnson v. Mahoney*, 424 F.3d 83, 93 (1st Cir. 2005). The doctrine of collateral estoppel consists of two branches: claim preclusion and issue preclusion. "Issue preclusion bars successive litigation of 'an issue of fact or law' that 'is actually litigated and determined by a valid and final judgment, and . . . is essential to the judgment.'" *Bobby v. Bies*, 556 U.S. 825, 834 (2009) (quoting Restatement (Second) of Judgments § 27 (1980)) (Restatement)). "A plaintiff may also be precluded from relitigating an issue against new defendants, if the previous opportunity for litigation was at least equivalent to the present opportunity." *Kuperman v. New Hampshire*, Civil No. 09-cv-00066-JD, 2009 U.S. Dist. LEXIS 55573 (D.N.H. June 19, 2009) (citing Restatement § 29 & cmt. b), *aff'd* 2009 U.S. Dist. LEXIS 55486 (D.N.H. June 29, 2009).

Counts I, IV, V, and VI of Mr. Widi's Third Amended Complaint are premised on the invalidity of the Court Order mandating that he undergo the TB test. The Judgment of the First Circuit Court of Appeals, affirming the validity of that Order, precludes Mr. Widi from re-litigating that issue in this separate civil action. *See Henry v. Farmer City State Bank*, 808 F.2d 1228, 1239 (7th Cir. 1986) ("The proper procedure for a party who wishes to contest the legality of a court order enforcing a judgment is to appeal that order and the underlying judgment, not to sue the official responsible for its execution").

### B. The Video

Count II of the Third Amended Complaint alleges that Deputy U.S. Marshals Orlando and Joyce used excessive force to carry out the Court Order and that certain other Defendants failed to intervene; Counts VII, VIII, IX, XI, and XII add related causes of action. To evaluate these allegations under 28 U.S.C. § 1915A, the Court carefully reviewed three comprehensive compact discs that contain videos documenting the entire episode. *See Fed. Defs.' Mot. to Dismiss* Attach. 2 (ECF No. 65-2).

In reviewing the videos and rescreening the pending and proposed complaints, the Court has taken into account some basic legal principles. First, under 28 U.S.C. § 1915A, Congress provided the district courts with the authority to screen prisoner complaints to "identify cognizable claims or dismiss the complaint . . . if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune

from such relief." 28 U.S.C. § 1915A(b)(1)-(2).  Second, the Court's earlier determination that a few of the allegations in Mr. Widi's First Amended Complaint survived a § 1915A screening does not bar rescreening.  *McKenzie v. United States DOJ*, No. 04-16614, 143 F. App'x 165, *9 (11th Cir. July 19, 2005) ("[T]he wording of § 1915A does not indicate that a district court may only conduct one review of a prisoner's *pro se* civil action").  Third, to the extent Mr. Widi's excessive force and related claims are premised on his view that he should not have been required to undergo the TB test, they must fail because the Court Order compelling the test was affirmed by the First Circuit.  *See Henry*, 808 F.2d at 1239 ("The proper procedure for a party who wishes to contest the legality of a court order enforcing a judgment is to appeal that order and the underlying judgment, not to sue the official responsible for its execution").  Fourth, "[j]udicial immunity extends . . . to those who carry out the orders of judges." *Slotnick v. Garfinkle*, 632 F.2d 163, 166 (1st Cir. 1980); *Forte v. Sullivan*, 935 F.2d 1, 3 (1st Cir. 1991).

Based on the content of these videos, the Court concludes that the Defendants who were involved in the events at the Maine State Prison acted properly in obtaining the Court-ordered TB test and their actions as revealed by the videotape are manifestly insufficient as a matter of law to incur liability for excessive force or to trigger the duty to intervene.  The disparity between Mr. Widi's allegations and the actual contents of the discs is so extreme that the Court concludes that allowing Mr. Widi to proceed on his allegations would perpetuate a fiction and would only waste judicial time and governmental resources.  Contrary to

Mr. Widi's allegations, the discs are proof positive that the governmental employees at the Maine State Prison were remarkably restrained, polite, and appropriate in the face of Mr. Widi's passive and occasionally active resistance. In short, the discs conclusively demonstrate that Mr. Widi has no case.

### C. Count III: Strafford County Incident

For the claims in Count III against individuals employed by Strafford County and against Strafford County itself, Mr. Widi has failed to demonstrate that venue would be proper in Maine for a civil action concerning events that took place in New Hampshire, while Mr. Widi was incarcerated in New Hampshire, and that exclusively involved a New Hampshire employer and its employees. *See* 28 U.S.C. § 1391(b).

### D. Count X: Legal Malpractice

The Court already screened out Mr. Widi's allegations against his former attorney under 28 U.S.C. § 1915A, and Mr. Widi provides no reason in his proposed Third Amended Complaint for the Court to reconsider that determination.

## III. CONCLUSION

The Court DENIES David J. Widi, Jr.'s Motion for Leave to File Third Amended Complaint (ECF No. 114) and DISMISSES the case pursuant to 28 U.S.C. § 1915A(b). Federal Defendants' Motion to Dismiss (ECF No. 65) and Defendant Dolbier's Motion to Dismiss (ECF No. 68) are hereby dismissed as moot.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 1st day of May, 2013