UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| DAVID J. WIDI, JR., | ) |
|     Plaintiff, | ) |
| v. | )    1:11-cv-00113-JAW |
| JUSTICE, U.S. DEPT OF, et al., | ) |
|     Defendants. | ) |

**ORDER DENYING MOTION FOR RECONSIDERATION**

On May 1, 2013, the Court issued an order dismissing David J. Widi, Jr.'s lawsuit against the Department of Justice and a host of other Defendants, in which Mr. Widi alleged violations to his civil and constitutional rights. *Order Dismissing Case* (ECF No. 118). Judgment issued pursuant to that Order on May 2, 2013. *J.* (ECF No. 119). On May 28, 2013, Mr. Widi filed a motion to amend judgment and motion for relief from fraud on the Court. *Pl.'s Mot. to Alter or Amend J. Under Fed. R. Civ. P. 59(e) and Renewed Mot. for Relief from Fraud on the Court Under Fed. R. Civ. P. 60(d)* (ECF No. 122). The Court denied Mr. Widi's motions on July 8, 2013. *Order Denying Mot. to Amend J. and Mot. for Relief from Fraud on the Court* (ECF No. 125). On July 26, 2013, Mr. Widi moved for reconsideration of that portion of the Court's Order dismissing his claims against the Strafford County Defendants. *Pl.'s Mot. for Recons.* (ECF No. 126) (*Pl.'s Mot.*). On September 9, 2013, Mr. Widi filed a notice of appeal to the Court of Appeals for the First Circuit. *Notice of Appeal* (ECF No. 128).

There is some question as to what effect Mr. Widi's post-judgment motion followed by his notice of appeal has had on this Court's jurisdiction. Assuming that the motion is one of the post-judgment motions in Federal Rule of Appellate Procedure 4(a)(4)(A) that tolls the running of the time for appeal, the Court retains jurisdiction to act on the motion. FED. R. APP. P. 4(a)(4)(B)(i). If Mr. Widi's motion is not one of the motions enumerated in Appellate Rule 4(a)(4)(A), the Court does not have jurisdiction and this Order has no effect. In any event, as the Court is denying the motion, it does not need to reach the jurisdictional issue because—with the denial of the motion—whether or not the Court had jurisdiction, the appeal will proceed.

Citing 28 U.S.C. § 1406(a), Mr. Widi urges reconsideration of the dismissal of his Complaint against the Strafford County Defendants on the ground that the Court should have transferred the lawsuit to New Hampshire, rather than dismissing it. *Pl.'s Mot.* at 1-4. The Court is well aware that 28 U.S.C. § 1406(a) gives it the authority either to dismiss a case for lack of venue or to transfer it to a jurisdiction with venue. The key is that the transfer may be made "if it be in the interests of justice." 28 U.S.C. § 1406(a) (2012). Here, the Court has concluded that it would not be in the interest of justice to transfer the case. Regarding the events in Maine, the Court had the benefit of comparing Mr. Widi's allegations to the videotape of the actual events and it has concluded that Mr. Widi's factual contentions are only tangentially connected to reality. Assuming that Mr. Widi's allegations about the events in New Hampshire are as divorced from reality as his

allegations about the events in Maine, the Court would do no service to justice by keeping his New Hampshire lawsuit alive.

The Court DENIES David J. Widi, Jr.'s Motion for Reconsideration (ECF No. 126).

SO ORDERED.

                                        /s/ John A. Woodcock, Jr.
                                        JOHN A. WOODCOCK, JR.
                                        CHIEF UNITED STATES DISTRICT JUDGE

Dated this 30th day of September, 2013